## CITY OF GARFIELD, PROSECUTOR, v. STATE BOARD OF TAX APPEALS ET AL., DEFENDANTS.

Submitted October 27, 1943—Decided April 13, 1944.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Frank P. McCarthy*.

For the defendants, *A. Harry Moore*.

The opinion of the court was delivered by

DONGES, J. The writ of *certiorari* was allowed in this case to review the judgment of the State Board of Tax Appeals reducing the assessments for purposes of taxation for the year 1940 upon improvements of real property and upon personal property owned by the defendant Forstmann Woolen Co., and situated in the City of Garfield.

The question of laches is raised, it being argued that the city delayed an unreasonable length of time before seeking to review the judgment of the State Board. The *allocatur* reserved to the defendant the right to argue this question. It is claimed on behalf of the city that the delay was occasioned by the carrying on of negotiations for settlement of the controversy. In view of the fact that a municipality is involved, we prefer not to determine the case upon this question but to consider the merits.

The city assessed defendant's land at $162,350, and this assessment is not questioned and was not involved in the appeal to the State Board. The assessment on improvements made by the city was $880,675, and that on personal property was $1,364,850. The taxpayer sought reductions to $581,175 for improvements and $600,000 for personalty. The judgment of the State Board fixed valuations of $710,000 for improvements and $740,000 for the personal property, and these figures are here challenged by the prosecutor.

Before the State Board the defendant produced, as a witness on the subject of the value of improvements. one Thomas R. Lowrie, a qualified real estate expert. He gave his direct testimony in the form of a written appraisal which was admitted in evidence. He fixed a value on the buildings of $569,973, which he arrived at by a square foot unit value method of calculation. The witness used in making his appraisal information concerning sales of what he considered to be comparable manufacturing properties in the general locality during the few years preceding the assessing date.

On cross-examination the value of these sales as criteria of value was assailed on the ground that they were sales of properties not being used at the time of sale, it being the contention of prosecutor that such sales were not evidential in fixing the value of properties presently being operated as a going concern. That fact does not preclude the use of this type of evidence. The recognized standard of value is the price which a willing buyer would pay to a willing seller and the evidence of sales of that kind is admissible, notwithstanding the fact that the buildings might not be in actual use at the time of sale.

The city produced before the State Board an architect, James H. Dynes, whose appraisal was received in evidence. This appraisal was based upon a reproduction cost less depreciation basis. He testified to a reproduction cost of the buildings and improvements of $2,299,106, and, allowing depreciation of $761,937, he arrived at a valuation of $1,537,168. The buildings were constructed in 1908 and he allowed depreciation of 35%, based upon his personal opinion arrived at. from an inspection of the buildings and observation of their condition.

This was all the testimony before the Board, but following the rendition of judgment and the allowance of the writ, depositions were taken. The city offered as a witness Arlyn W. Coffin, a qualified real estate expert experienced in industrial properties. This witness used three different methods of arriving at a valuation. By the comparable sale method he reached a figure of $1,150,000 for the improvements. Using the reproduction cost less depreciation method he fixed a valuation of $1,189,917. And using a net income capitalization method, by estimating the rental value of the premises from comparison of rents paid for comparable properties, he arrived at a valuation of $1,191,450. The lengthy cross-examination of this witness somewhat shook the probative value of his estimates, particularly that part wherein he explained his reasons for refusing to consider as comparable sales those relied upon by the witness Lowrie.

The presumption is that the finding of the State Board of Tax Appeals is correct and the burden is upon the prosecutor

to show otherwise. This court will not disturb such finding unless the evidence is persuasive that the Board erred. *Tennant* v. *Jersey City*, 122 *N. J. L.* 174; *affirmed*, 123 *Id.* 200; *Gannon* v. *State Board*, 123 *Id.* 450. We are of the opinion that the prosecutor has not sustained the burden cast upon it. The Board saw the property and had the benefit of hearing the witnesses before it. Although the city has produced two expert witnesses who fix a higher valuation than that adopted by the Board, a reading of their testimony suggests many reasons why their opinions should not be adopted in their entirety. We cannot say that the evidence is persuasive that the Board erred. The assessment as to improvements is affirmed.

On the question of the value of the personal property, which consisted largely of machinery, equipment and goods in process of manufacture, the taxpayer offered the testimony of Orrie DeNooyer, head of its purchasing department and former assistant to the treasurer. He testified to a value of $207,570 for the machinery and equipment, and $350,635.20 for the stock in process, or a total value of personal property of $575,105.20.

The city produced W. Gordon Pattison a dealer in second-hand machinery who was permitted to testify as an expert. The Board, however, appeared not to be deeply impressed by this witness, as the president said, in ruling that he could testify, "He is not very convincing, but I will permit him to testify." He gave a valuation of $545,442 for the machinery and equipment. The cross-examination of this witness casts doubt upon the value of his testimony. For instance, after testifying to a value of $36 per dozen for certain shuttles in use at the factory, he was confronted with an offer to sell such shuttles, when new, by the manufacturer, at a time within a few weeks of the assessing date, for less than $18 a dozen, and still said that this made no difference to him, he could get $36 for them. Other instances of the arbitrary fixing of prices were disclosed.

As to the stock in process the prosecutor attempted to show how much was in the property in question from the books and records of the defendant. The difficulty encoun-

tered was that the real property located in the City of Garfield was but part of the plant of the defendant. The plant extended into four different taxing districts but records were not kept on a basis of municipal boundary lines. They were kept on the plant as a whole, and did not disclose the goods in process in a particular building at a given time.

As to the assessment on personal property we feel that the same situation prevails as that with respect to the improvements to real estate. The burden was upon the prosecutor to demonstrate the error in the Board's determination by clear and convincing proofs, and that burden has not been borne. This assessment should likewise be affirmed.

The writ is dismissed.